SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS ET AL. v. A. L. BENNETT.

Decided May 11, 1907.

**1.—Carriers of Live Stock—Damage—Pleading.**

In a suit against two carriers for damage to a shipment of cattle, where the plaintiff alleges that the two carriers are really one and the same line of road, operated by the same management, an exception to the plaintiff's petition on the ground that the same was insufficient in regard to the times and places of delay and rough handling, is properly overruled in the absence of specific denial of the identity of the two roads.

**2.—Same—Evidence.**

In a suit for damage to a shipment of cattle caused by rough handling, testimony that other cattle in the same train, not belonging to plaintiff, were killed en route, was competent to prove rough handling, and this without pleading such fact.

**3.—Cattle—Market Value—Evidence.**

A witness who gets his information from reading the market reports may testify as to the market value of cattle in a certain market on a certain day, though he can not testify to such fact from information derived solely from what others told him.

Appeal from the District Court of Hemphill County. Tried below before Hon. B. M. Baker.

*J. W. Terry* and *Hoover & Taylor,* for appellants.—Where a person files a suit alleging certain grounds as a reason for his recovery, the allegations in the petition should be sufficient to apprise the defendant or opposite party of what he is called upon to answer. Walton v. Reager, 20 Texas, 103; Glasscock v. Hamilton, 62 Texas, 149; Mayton v. T. & P. Ry. Co., 63 Texas, 77; Texas & P. Ry. Co. v. Curry, 64 Texas, 85; Lewis v. G. H. & S. A. Ry. Co., 73 Texas, 507.

The court erred in permitting the plaintiff, A. L. Bennett, to testify, in his own behalf, over the objection of the defendants that none of his cattle were killed, but that some other cattle in the train were killed. Missouri Pac. R. Co. v. Smith, 84 Texas, 348; Moore v. Kenedy, 81 Texas, 147; Armstrong v. O'Brien, 83 Texas, 646; Cooper v. Loughlin, 75 Texas, 527.

The court erred in overruling and in not sustaining the defendants' motion to exclude the testimony of the plaintiff, A. L. Bennett, as to the market value of such cattle as his on the Kansas City market on the 28th day of August, 1905, because the cross-examination of the said Bennett disclosed the fact that he learned the market value from what cattlemen and men buying cattle told him together with the market report, and the same was hearsay. Southern Pac. Ry. Co. v. Maddox, 75 Texas, 307; Texas & N. O. R. R. Co. v. White, 62 S. W. Rep., 133; Texas & P. Ry. Co. v. Arnett, 13 Texas Ct Rep., 547; Cameron Mill & Elevator Co. v. Anderson, 9 Texas Ct. Rep., 333.

*Willis & Willis,* for appellee.

SPEER, ASSOCIATE JUDGE.—Appellee, as plaintiff below, insti-

tuted this suit against the Southern Kansas Railway Company of Texas and the Atchison, Topeka & Santa Fe Railway Company to recover damages for injuries to a shipment of cattle from Canadian, Texas, consigned to the George R. Barse Livestock Commission Company at Kansas City, Missouri. The plaintiff alleged generally that the cattle were negligently delayed and roughly handled en route, by reason of which they presented a bad appearance and lost in weight and declined in price. There was a trial before a jury, resulting in a judgment in favor of plaintiff in the sum of $153.21. The defendant companies have appealed and ask for a reversal of this judgment.

Appellants' special exception, complaining that appellee's allegations were insufficient in regard to the times and places of delay and rough handling, was properly overruled because under appellee's allegation that both defendants were really one and the same line of road, operated by the same management, it could make no difference in law whether the delays and injuries occurred on the line of the one or the other. This allegation of identity between the two roads appears not to have been specifically denied in the pleadings.

There was no error in permitting appellee Bennett to testify that while none of his cattle were killed, some other cattle in the same train were killed, since this testimony undoubtedly tended to show rough handling of appellee's cattle. It is no valid objection to the testimony that the petition contained no allegations with reference to other cattle being killed. It was not a proper subject for pleading, but constituted merely the evidence of appellee's allegation that his cattle were roughly handled en route. The evidence could not possibly have misled the jury into the error of allowing appellee to recover for the loss of these cattle.

Neither was there error in permitting appellee to testify as to the market price of cattle in Kansas City on August 28, 1905. He testified that he knew what the market was on that day, and on cross-examination answered that he got his information from cattlemen and from reading the market reports. It is well settled that a witness may testify as to the market where his information is derived from regular market reports. Texas & Pac. Ry. Co. v. Donovan, 86 Texas, 378; Chicago R. I. & P. Ry. Co. v. Halsell, 36 Texas Civ. App., 522; Texas & Pac. Ry. Co. v. Slaughter, 37 Texas Civ. App., 624. It is also true that a witness can not testify to the market from information derived solely from what others told him. But if appellee was qualified to testify as to the market by reason of the fact of having read the market reports, his testimony was certainly none the less competent because, forsooth, he had also had the same information from other cattlemen. The objections went to the whole of the testimony and were properly overruled.

We have carefully examined the evidence and think it sufficient to support the verdict and judgment. The judgment is therefore affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.