**BARTELDES SEED CO. v. BENNETT–SIMS MILL & ELEVATOR CO.**

(Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1913.)

1. SALES (§ 36*)—OFFER—MISTAKE.

The rule that when a mistake is not mutual courts will not relieve the party making it against his own negligence or inattention does not apply to a mistake in an offer to sell merchandise, where the party accepting the offer knows of the mistake when he accepts it, and seeks to reap a benefit from the mistake, to the injury of the person making the offer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 63, 64; Dec. Dig. § 36.*]

2. SALES (§ 36*)—OFFER AND ACCEPTANCE— MISTAKE.

At a time when the market price of millet seed was $2.35 per hundredweight, defendant wrote plaintiff, offering to sell between 700 and 800 bushel at $1.35 per hundredweight, and plaintiff, immediately on receiving the letter, wired a reply: "We accept your letter seventeenth. Ship quick." The price quoted was a clerical error, and on discovery defendants refused to ship. Both parties were in the wholesale and retail grain and seed business, and knew the market value of the seed at the time the offer and acceptance were made. Held, that there was no meeting of minds, and plaintiff was not entitled to recover for breach of contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 63, 64; Dec. Dig. § 36.*]

3. APPEAL AND ERROR (§ 926*)—RULINGS ON EVIDENCE—TRIAL TO COURT.

Where witnesses testified to the market value of millet seed on a trial to the court, after having qualified themselves by proof that they kept up with the markets and received reports and cards from various dealers in different parts of the country, it would be presumed that letters and cards showing the market price of such seed were considered by the court, not as . evidence of market value, but only as bearing on the weight of the testimony of the witnesses, and hence their admission was not error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279. 2899, 3729, 3730, 3735–3747; Dec. Dig. § 926.*]

Appeal from Donley County Court; J. C. Killough, Judge.

Action by the Barteldes Seed Company against the Bennett-Sims Mill & Elevator Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. B. White, of Clarendon, for appellant. A. T. Cole, of Clarendon, for appellee.

HUFF, C. J. The appellant, the Barteldes Seed Company, brought suit in the county court of Donley county, against the appellee, Bennett-Sims Mill & Elevator Company, for damages on an alleged breach of contract for the sum of $434, in refusing to deliver 35,-000 pounds. of German millet seed, in accordance with the terms thereto entered into between the parties on April 19, 1912. The appellee denied liability, on the ground that in quoting the price of the seed they made a clerical error in their letter of $1 per hundredweight, which fact was known to appellant at the time it accepted the offer to sell. On April 17, 1912, the appellee wrote the following letter to appellant: "Under separate cover we are mailing you sample of German millet seed. We offer you delivered Oklahoma City $1.35 per cwt. in '10 oz. bags. There is 7 or 800 bu. of this lot. We want it to all go together." This letter appears to have been received by the appellant on the

morning of the 19th of April, 1912, and at 8:20 a. m. that day they sent to appellee the following telegram: "We accept your letter seventeenth. Ship quick." The seed was not shipped. The appellee's evidence shows that the price quoted was by clerical error, made to read "$1.35 per cwt." instead of "$2.35 per cwt.," the then market price of millet seed per hundredweight. The trial court found as a fact that appellant was in a position to know, and did know, that the market price of the millet was $2.35 per hundredweight; that the appellee made a mistake in quoting the price, and intended to offer the sale of the seed at $2.35, instead of $1.35, per hundredweight, and by the judgment we must also impute to the finding of the court that the appellant knew that the appellee had made the mistake in quoting the price. The evidence introduced by appellant from its employé, is that during the month of April—up to the 17th of the month—the market price of that class of millet was from $1.40 to $1.60 per hundredweight; that on the 19th the price advanced $1.24 per hundredweight and he further testified that after this sudden rise the price remained about the same for some days thereafter. The retail price obtained by appellant on the 17th, the date of the letter, for seed, in lots weighing from 100 to 1,000 pounds, in Oklahoma City, ranged from $2.40 to $2.65 per hundredweight, and from the 20th to 22d of April ranged from $2.50 to $3.55 per hundredweight. Both parties were in the wholesale and retail grain and seed business, and their witnesses testified they knew the market value of the seed on the 17th of April. The evidence of appellee shows it was $2.35 per hundredweight. We think the evidence sufficient to show that the market price was, on the 17th of April, $2.35 per hundredweight, and that appellant knew that fact when it wired the acceptance, and must have known that appellee's quotation of the price was a clerical error.

[1] Ordinarily, when the mistake is not mutual, courts will not relieve the party making it against his own negligence or inattention; but we think a different rule should apply when the evidence shows that the party accepting the mistaken offer knows of the mistake when he accepted it, and that he should not reap the benefit of the mistake to the evident injury of the other. We think fair dealing and good conscience should require an opportunity to correct the error, before trying to found a binding contract on it. Dorsey Printing Co. v. Gainesville Cotton O. M. & G. Co., 25 Tex. Civ. App. 456, 61 S. W. 556; Cyc. vol. 9, 396, and note 87; Page on Contracts, vol. 1, p. 144, § 86, and authorities in note; Everson v. International Grain Co., 65 Vt. 658, 27 Atl. 320; Shelton Co. v. Ellis, 70 Ga. 297; Hume v. U. S., 132 U. S. 406, 10 Sup. Ct. 134, 33 L. Ed. 393.

[2] The evidence in this case is that both parties knew the market value of the millet

seed on the 17th of April, 1912. Upon receiving a letter from a dealer in that commodity, appellant must have known that $1 per hundredweight less than the market value was a mistake. That they did is evidenced by the telegram to "Ship quick." It did not wire back that "Your $1.35 per cwt. offer is accepted." Appellee thought it had quoted the market price in the letter—$2.35. We think from the evidence it is manifest that appellant knew a mistake had been made, and sought to take advantage of the mistake by an immediate acceptance and quick shipment. The haste in this matter to procure the seed at $1 less than their market value, under all the circumstances of the case, amounted to a fraud. The Georgia court said, in Shelton v. Ellis, supra: "What is a mistake on one side and a fraud on the other is as much the subject of correction as if it were a mistake on both sides." Judge Fuller said in Hume v. U. S., supra: "If the claimant knew that a clerical error had been committed, of which the agent of the government was ignorant, and deliberately intended to take advantage of the error to obtain the execution of a contract for the payment of so grossly unconscionable a price, or if the facts were such that he must * * * have known that their action, if understandingly taken, would be impalpable dereliction of their duty to their principal, and, notwithstanding, sought to profit by it, the character of the fraud, so far as the claimant is concerned, is not changed by the fact that such action was the result of the negligence or mistake of the government's agents, untainted by moral turpitude on their part." True, appellant sought to prove that the market value of the seed was only about 25 cents per hundredweight in Oklahoma City on that date more than the price demanded, but from an examination of that testimony, we think the trial court was amply justified in disregarding this part of the evidence. The evidence clearly, to our minds, shows this was not true. At any rate, the trial court has found differently, and we think the evidence supports the judgment.

[3] The witnesses of appellee testified they knew the market value of the seed at that time, and in stating how they knew it in addition to the evidence shown—they were experienced dealers in products of that kind—they show that they kept up with the markets; that they received reports and cards from various dealers in different parts of the country. When they stated they knew the market price, they could testify what it was, and the fact that they gave the source of their information upon which they based their opinion as to the market only reaches the weight to be given to their testimony. These specified letters, cards, and the like perhaps were not admissible as testimony showing the market; but, as the case was tried before the court without the intervention of a jury, we will not presume the court

considered them as testimony of the market value, but only that he considered the same in weighing the testimony of the witnesses who testified to what the market value was. The appellant's witnesses show their opinion of the market was also based upon reports. Ry. Co. v. Scott, 86 S. W. 1065; Ry. Co. v. Bennett, 46 Tex. Civ. App. 379, 103 S. W. 1115.

We find no error in the judgment of the court, and the case is affirmed.