## TEXAS & N. O. R. CO. v. STUMBERG.
### No. 3648.

Court of Civil Appeals of Texas. El Paso.
March 17, 1938.

Rehearing Denied April 7, 1938.

Baker, Botts, Andrews & Wharton, of Houston, Bruce W. Teagarden, of San Antonio, and Boggess, LaCrosse & Lowrey, of Del Rio, for appellant.

D. B. Hardeman and R. G. Hughes, both of San Angelo, for appellee.

NEALON, Chief Justice.

This is an appeal from the county court of Pecos county, in a case in which plaintiff laid his damages at $683.25, and recovered $450.90. The judgment was rendered upon special issues which the jury answered in a manner favorable to plaintiff. Plaintiff in his petition alleged that he was damaged by the failure of defendant to ship promptly after loading and by failure to properly water, feed, and care for a shipment of 2,217 mutton sheep, shipped by plaintiff from Longfellow, Tex., consigned to West Chicago, Ill.—defendant being the initial carrier. In reply to special issue No. 3 the jury found that sheep of the same class and character as plaintiff's sheep were of the reasonable market value of $2.70 per head in West Chicago on the 16th day of July, 1934 (the day upon which plaintiff's sheep arrived at their destination);

that plaintiff's sheep were damaged or injured by their transportation from Longfellow, Tex., to West Chicago, Ill., so that when they arrived in West Chicago they were of the market value of only $2.50 per head; that such damages or injuries were proximately caused by defendant's negligence; and that had the sheep been transported with ordinary care and dispatch in an uninjured condition (taking into consideration the unavoidable injuries necessarily incident to the transportation of sheep by rail for such distance), their reasonable market value would have been $2.70 per head at West Chicago, Ill., on the day named.

Our comment will be brief. Reasons for brevity in the treatment of county court cases may be ascertained by reading our opinion in Tucker v. Higdon, 115 S.W.2d 973, this day decided, and the San Antonio court's opinion in Associated Indemnity Corporation v. Gatling, 75 S.W.2d 294.

There is no conflict in the findings in response to issues 3 and 10. It is evident that No. 3 refers to sheep of the class and character of plaintiff's sheep in good condition, since there is no qualification as to condition, and the reference is to sheep of that class and character, and not to the particular sheep shipped.

■ The court erroneously submitted issues 1 and 2 respecting three sheep that were dead upon their arrival in West Chicago, since there was no competent evidence to the effect that the sheep were dead. The evidence was hearsay, and the recovery should have been only for decreased value. However, as this would make a difference of only seven or eight dollars, it does not constitute reversible error. De minimis non curat lex. Brady v. Ranch Mining Co., 7 Cal.App. 182, 94 P. 85.

■ The court erred also in admitting plaintiff's opinion that the sheep arrived at West Chicago in poor condition. It was shown that he had no actual knowledge of their condition upon arrival. Upon cross-examination it was brought out that his testimony was based upon what some one else told him. In his direct testimony he did not say that he had information from another. The name of his informant was not given, nor was there any statement of the information received. It was made clear to the jury that this opinion was not based upon knowledge, and we cannot discredit

the jury's intelligence by assuming that a mere opinion under the circumstances would influence the verdict. From the allegations of plaintiff's petition they knew what opinion he entertained. Opinion and expert testimony of Marshall, a qualified witness, was to the effect that the sheep arrived at their destination in poor condition. Marshall saw the sheep before they were shipped. There was no evidence contradicting this opinion testimony of Marshall. The error was, therefore, harmless. Fort Worth & Denver City Ry. Co. v. Motley, Tex.Civ. App., 87 S.W.2d 551, and cases cited. See, also, Texas Co. v. Giddings, Tex.Civ.App., 148 S.W. 1142. As to plaintiff's and Marshall's qualifications to testify as to market value, see Southern Kansas Railway Co. v. Bennett, 46 Tex.Civ.App. 379, 103 S.W. 1115, and cases cited; also International & G. N. Railway Co. v. Dimmitt County Pasture Co., 5 Tex.Civ.App. 186, 23 S.W. 754, and authorities cited. Marshall testified that there was a difference of about 2 cents a pound in the value of the sheep in the condition they were in before shipping and after arrival. Since he testified that they were in poor condition after arrival, it follows necessarily that he meant 2 cents per pound less. Stumberg testified that the value of sheep at West Chicago is 1½ to 2 cents per pound more than at Longfellow. This method of proving difference in market value is permissible. Houston & T. C. R. Co. v. Ellis, 111 Tex. 15, 224 S.W. 471; Texas Evidence, p. 812.

The specific objections to the submitted issues were properly overruled, except as to issues relating to the three dead sheep. The only issue requested by defendant was submitted.

■ There being evidence that the sheep were loaded in good condition and arrived at their destination in bad condition, and all evidence as to lack of rough handling and other want of care in transportation being received from employees of defendant who participated in the transportation, and none of whom testified that they made a personal inspection to determine if any sheep were dead or injured before they passed out of defendant's custody, it was proper to submit the issues as to negligence to the jury. G. C. & S. F. Railway Co. v. Taylor, Tex. Civ.App., 101 S.W.2d 642; St. Louis Southwestern Railway Co. v. Hill Bros., Tex. Civ.App., 80 S.W.2d 432.

No reversible error appears in the record. The judgment is affirmed.