## TUCKER v. HIGDON.
### No. 3651.

Court of Civil Appeals of Texas. El Paso.
March 17, 1938.

E. C. Wade, of El Paso, for appellant.

McBroom & Clayton, of El Paso, for appellee.

NEALON, Chief Justice.

Articles 1873 to 1876, Revised Civil Statutes, providing for opinions by Courts of Civil Appeals, do not require written opinions in cases in which the judgment is one of affirmance and the Supreme Court has no jurisdiction of an application for writ of error. The San Antonio Court of Civil Appeals has adopted the practice of deciding appeals from county courts without written opinions, except in cases where the statutes require such opinions, or where the questions raised are of special importance or difficulty. The practice seems wise, for the reasons stated in Associated Indemnity Corporation v. Gatling, Tex.Civ.App., 75 S. W.2d 294. Hence the brevity of our discussion of the issues here involved.

Appellee sued appellant in the El Paso county court at law for $338 alleged to be due appellee for services as a real estate broker. Upon favorable answers to special issues appellee was awarded judgment for the full amount.

Reversal is sought upon three grounds: (1) Insufficiency of plaintiff's petition; (2) insufficient evidence to uphold the verdict; (3) alleged improper argument of counsel. Apparently, neither general demurrer nor special exception to the petition was urged, as the record contains no order overruling the same. Some of the decisions hold that a general demurrer is waived when not urged. However, the petition, when construed liberally in favor of plaintiff, was good as against general demurrer. The evidence was sufficient to sustain the verdict, and, though the strictures of counsel directed against plaintiff's testimony were severe, they did not introduce reversible error into the case. Our views as to the latitude allowed counsel in this respect are expressed in Gulf Casualty Company v. Fields, Tex. Civ.App., 107 S.W.2d 661, writ of error dismissed, and their restatement is unnecessary.

Judgment of the trial court is affirmed.