## LOVE v. SPUR INDEPENDENT SCHOOL DIST. et al.

### No. 5199.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1940.

M. F. Billingsley, of Munday, for plaintiff in error.

Edgar Hutchins, of Greenville, for defendant in error State of Texas.

O. B. Ratliff, of Spur, for defendants in error City of Spur and Spur Independent School Dist.

JACKSON, Chief Justice.

The State of Texas as plaintiff instituted this suit in the District Court of Dickens County to recover against the defendant C. L. Love for the State and said county certain delinquent ad valorem taxes, interest, penalties and costs claimed to have been properly levied and assessed and due the State and County on Lots Nos. 3 and 4 in Block 42 in the town of Spur for the years 1930 to 1936, inclusive. The petition of the plaintiff sets out in detail the delinquent tax, interest, penalty and cost as disclosed by the delinquent tax records of the county which so far as are necessary to this appeal are as follows:

| Lot | Block | Town | Years | Total Taxes |
|---|---|---|---|---|
| 3 & 4 | 42 | Spur | 1930 | $ 37.00 |
| | | | 1931 | 48.03 |
| | | | 1932 | 63.75 |
| | | | 1933 | 46.14 |
| | | | 1934 | 44.02 |
| | | | 1935 | 37.98 |
| | | | 1936 | 37.77 |
| | | Total Taxes | | $314.69 |
| | | Penalty & Interest | | 89.18 |
| | | Cost | | 3.00 |
| | | Grand Total | | $406.87 |

The suit was filed in accordance with the requirements and provision of article 7345b of Vernon's Civil Statutes of the State of Texas Annotated, and the plaintiff impleaded the City of Spur, a municipal corporation, which intervened in the suit, and by sufficient pleadings, sought a judgment against C. L. Love for the delinquent taxes, interest, penalties and cost alleged to have been properly levied and assessed against the lots above described for the years 1928 to 1938, inclusive, by the City.

It set out in detail the delinquent tax record of the City involved, which so far as required to a consideration of this appeal is as follows:

| Lots | Block | Year | Taxes | Interest | Penalty | Costs |
|---|---|---|---|---|---|---|
| 3 & 4 | 42 | 1928 | $ 42.00 | $ 25.62 | $ 4.20 | $1.00 |
| 3 & 4 | 42 | 1929 | 50.00 | 27.50 | 5.00 | 1.00 |
| 3 & 4 | 42 | 1930 | 50.00 | 24.50 | 5.00 | 1.00 |
| 3 & 4 | 42 | 1931 | 40.00 | 17.20 | 4.00 | 1.00 |
| 3 & 4 | 42 | 1932 | 31.00 | 11.47 | 3.10 | |
| 3 & 4 | 42 | 1933 | 30.90 | 9.58 | 3.09 | |
| 3 & 4 | 42 | 1934 | 24.40 | 6.10 | 2.44 | |
| 3 & 4 | 42 | 1935 | 24.68 | 4.69 | 2.47 | |
| 3 & 4 | 42 | 1936 | 24.44 | 3.18 | 2.44 | |
| 3 & 4 | 42 | 1937 | 24.32 | 1.70 | 2.43 | |
| 3 & 4 | 42 | 1938 | 24.00 | .24 | 2.40 | |
| | | | $365.74 | $131.78 | $36.57 | $4.00 |

The Spur Independent School District, a municipal corporation, was also impleaded by the plaintiff, intervened in the case and asked for a judgment against C. L. Love for the delinquent taxes, interest, penalties and cost which it claimed to have properly levied and assessed against the lots heretofore described for the years 1929 to 1937 inclusive. The school district pleaded in detail the delinquent taxes disclosed by the delinquent tax record of the district and for the purpose of this appeal we set out the following:

C. L. Love, though duly and legally cited, failed to appear and answer but wholly made default. The cause proceeded to trial, and on the evidence submitted the court found that the City of Spur and the Spur Independent School District were each impleaded and each intervened in the suit, and he adjudged that the State and County were entitled to recover taxes, penalty, interest and cost in the sum of $414.73. The City of Spur was adjudged taxes for $365.74, penalty, $36.57, interest, $131.78, cost, $4, or a total of $538.09. The Spur

|  | Years Delinquent | Taxes Penalty Interest | | Cost | Amount Due Each Year |
|---|---|---|---|---|---|
| Lots 3 & 4, Block 42. | 1929 | Taxes | $48.00 | | |
| | | Penalty | 4.80 | | |
| | | Interest | 26.40 | $1.00 | $ 80.20 |
| | 1930 | Taxes | 48.00 | | |
| | | Penalty | 2.40 | | |
| | | Interest | 24.96 | 1.00 | 76.36 |
| | 1931 | Taxes | 39.60 | | |
| | | Penalty | 3.96 | | |
| | | Interest | 17.02 | 1.00 | 61.58 |
| | 1932 | Taxes | 33.00 | | |
| | | Penalty | 3.30 | | |
| | | Interest | 12.21 | 1.00 | 49.51 |
| | 1933 | Taxes | 30.00 | | |
| | | Penalty | 3.00 | | |
| | | Interest | 9.30 | 1.00 | 43.30 |
| | 1934 | Taxes | 30.15 | | |
| | | Penalty | 2.41 | | |
| | | Interest | 6.63 | 1.00 | 40.19 |
| | 1935 | Taxes | 35.00 | | |
| | | Penalty | 2.80 | | |
| | | Interest | 5.60 | 1.00 | 44.40 |
| | 1936 | Taxes | 35.00 | | |
| | | Penalty | 2.80 | | |
| | | Interest | 3.50 | 1.00 | 42.30 |
| | 1937 | Taxes | 35.00 | | |
| | | Penalty | 2.80 | | |
| | | Interest | 1.40 | 1.00 | 40.20 |

Total Taxes $333.75      $478.04
(Less Interest and Penalty)

The plaintiff and each of the interveners under sufficient allegations ask a foreclosure of their respective tax liens which the law creates against the property to secure the payment of the taxes.

On September 8, 1939, the case was called for trial and the court found that

Independent School District recovered a judgment for taxes in the amount of $333.-75, penalty, $28.27, interest, $107.02, cost, $9, or a total judgment in the sum of $478.-04. The interest was calculated to the date of the judgment.

C. L. Love, who will hereinafter be

called defendant, by a writ of error prosecuted an appeal from these judgments to this court.

The defendant challenges as error the judgments of the court contending that they permit a recovery of penalties in excess of 8% on the taxes in the judgments for the City of Spur and the Spur Independent School Districts.

Neither the plaintiff nor either of the intervenors favored this court with a brief.

■ Article 7336, Revised Civil Statutes of 1925, provided in effect that a penalty of 10% on the entire amount of delinquent taxes should accrue and be collected as penalty. Thereafter in 1934 article 7336 was amended by the Fourth Called Session of the Forty-Third Legislature, c. 10, § 2, Vernon's Ann.Civ.St. art. 7336, and reduced the penalty on delinquent taxes to 8%, but the amendment became effective ninety days after the date of the adjournment of said session November 10, 1934.· Article 7336d provides that the State or any county or other subdivision of the State "except such cities, towns, villages, special school districts and independent school districts which do not adopt the provisions of this section" shall collect penalty on a different basis but this last article has no application to the case under consideration for the reason the record fails to show that its provisions were adopted by the City of Spur or the Spur Independent School District. Therefore the penalty would be· calculated according to article 7336 and article 7336 as amended by the Forty-third Legislature.

It will be noted from the delinquent tax record of the City heretofore set out that it charged 10% penalty for the years 1928 to 1938, inclusive, when under the law it should. have charged only 8% penalty for the years 1935 to 1938, inclusive, which would have reduced the penalty due the City by $1.97.

■ The judgment in favor of the City for $1.97 penalty in excess of the legal amount is a mistake which in our opinion comes under the doctrine of de minimis and does not require a reversal or modification of the judgment. Texas & N. O. R. Co. v. Stumberg, Tex.Civ.App., 115 S.W.

2d 1126; Lewis v. Lewis, Tex.Civ.App., 125 S.W.2d 375; Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, Tex.Civ.App., 101 S.. W.2d 365. We also note that in 1930 the Spur Independent School District charged a penalty of but $2.40 on delinquent taxes of $48. This was to the defendant's advantage in the sum of $2.40.

An examination of the schedule of the delinquent tax record of the Spur Independent School District heretofore set out discloses that the School District ˙charged 10% penalty up to and including 1933 but· only 8% penalty thereafter and the defendant is entitled to no deduction therefrom.

■ The defendant complains of the failure of the court to find and announce in his judgment the reasonable "fair value" of the property on which taxes were due for the years 1935 and all prior years as required by article 7345b, section 5. The .defendant did not appear in the trial court, did not attack the assessed value of the property, did not furnish a statement of facts, nor does he contend in this court that his property was not assessed at a "fair value". The statute provides that the burden of proof shall be on the owner of delinquent property to establish the "fair value" as provided therein.

In Burson v. City of Silverton, Tex.Civ. App., 138 S.W.2d 921, this court in an opinion by Associate Justice Folley determined this question in principle against the defendant's contention.

The defendant by proper assignments challenges the jurisdiction of the District Court to foreclose a tax lien on real estate since such action is void because repugnant to and inconsistent with Article 8, Section 13 of the Constitution of the State of Texas, Vernon's Ann.St.

■ In State Mortgage Corporation v. State, Tex.Com.App., 17 S.W.2d 801, the Commission of Appeals says: "Summary procedure provided or forecasted in the Constitution (section 15, art. 8) does not preclude enforcement of the lien through user of equity jurisdiction." Citing authorities. This seems to be conclusive. See also Newman v. City of El Paso. Tex. Civ.App., 77 S.W.2d 721.

The judgment is affirmed.