## FIFTH DISTRICT, 1894.

CHARLES DILLINGHAM, RECEIVER, v. JOHN FIELDS.

No. 525.

1. **Railway Crossing—Negligent Construction.**—Article 4170, Revised Statutes, requires a railway company, where its road crosses a street, to restore the street to its former state, or to such state as not to unnecessarily impair its usefulness to the public; and where it so restores the street for only part of its width, and in the other part leaves a spike projecting above its cross ties, by which one traveling across the street is injured, the company is liable for such injury.

2. **Same—Contributory Negligence.**—A person riding over a railroad street crossing, and who is injured by reason of a projecting spike between the cross ties, outside of the part that is planked between the rails of the railroad track, is not guilty of contributory negligence, where it was not obviously unsafe to cross at that point, and that part of the street was also commonly used by the public for crossing.

3. **Charge of Court—Modifying Requested Charge.**—A requested instruction should be given as requested, or refused; but it is not error to properly qualify a requested charge.

4. **Assignment of Error—Verdict "Excessive."**—An assignment of error, that the verdict is excessive, and contrary to the evidence relating to contributory negligence, does not touch the question of the excessiveness of the verdict in amount.

APPEAL from Limestone. Tried below before Hon. RUFUS HARDY.

*O. T. Holt*, for appellant.—1. The crossing was sufficient, because it did not unnecessarily impair the usefulness of the street and its enjoyment by the public. The street was kept in good condition, and was amply sufficient for the purpose for which it was intended. Sayles' Civ. Stats., art. 4170; The People v. Railway, 89 N. Y., 266; 10 Am. and Eng. Ry. Cases, 230; Patt. Ry. Acc. Law, 155; Cooke v. Railway, 10 Am. and Eng. Ry. Cases, 328.

2. If the appellee left the public crossing and went away from the public road for the purpose of making a near cut, and for his own convenience, he was guilty of negligence, and contributed to his own injury. Patterson v. Railway, 89 Ala., 318.

*Farrar, Kincaid & Williams*, for appellee.—1. Public highways belong from side to side and end to end to the public, and the right of a

railroad company to cross such highway does not authorize an appropriation of any part of it, or a material interference with the public travel; and the duty to restore the highway and make it reasonably safe and convenient is a continuing duty incumbent upon the company, even without any special statutory requirement. Sayles' Civ. Stats., art. 4170; Elliot on Roads and Streets, 478, 599; Railway v. Green County, 31 Ohio St., 338; 13 Am. and Eng. Ry. Cases, 610; 20 Ind., 16; 29 Ind., 439; Railway v. The State, 23 Fla., 546; 11 Am. St. Rep., 395; Railway v. Crist, 116 Ind., 446; 9 Am. St. Rep., 865; Troy v. Railway, 23 N. H., 55; Am. Dec., 177; Wasmer v. Railway, 80 N. Y., 212; Masterson v. Railway, 84 N. Y., 247; 38 Am. Rep., 510; 2 Wood Ry. Law, 1382.

2. The rights of the public in a street are superior to those of a railroad company, and as a traveler on a highway or a public street has the right to go anywhere in the street and to cross the railway at any point in the highway, it follows, that the railroad company must restore the entire portion of the highway crossed by it to its former state, or to such state as to not unnecessarily impair its usefulness.    1 Harris on Dam. by Corp., 360; City of Olathe v. Mizee, 48 Kas., 435; 30 Am. St. Rep., 308; Moebus v. Hermann, 108 N. Y., 349; 2 Am. St. Rep., 440.

3. A traveler on a public street, in the absence of knowledge of any defect or anything indicating danger, has a right to presume that every part of the street is safe, without being liable to the imputation of negligence. 1 Harris on Dam. by Corp., 360; Smedis v. Railway, 88 N. Y., 13; City of Olathe v. Mizee, 48 Kas., 436; Bruso v. City of Buffalo, 90 N. Y., 679; Raymond v. City of Lowell, 6 Cush., 524.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee against appellant, as receiver of the Houston & Texas Central Railway Company, to recover damages for injuries to himself and his mule, on October 29, 1892, received while crossing the line of said railway in the town of Groesbeck. The testimony, and the verdict and judgment thereon, justify the following conclusions:

The appellant, at the time of the injury, was receiver of the Houston & Texas Central Railway Company, which passes through the town of Groesbeck, and crosses Navasota street. At the point where said railroad crosses said street, the same is intersected by a public road known as the Personville road. Said street is eighty feet wide, and is also a part of the Groesbeck and Pottersville road, which occupies a part of the same ground as said street.

The following is a correct diagram of Navasota street and the Groesbeck and Pottersville road, which is a part of said street, and also the Groesbeck and Personville road, and the crossing made by the railway:

The appellant, in making the crossing of said street and road, made a reasonably good crossing upon a part of the same, but failed to restore said street to its former state, or to such state as to not unnecessarily impair its usefulness, in this: that upon a portion of said street no effort had been made to provide a safe and proper crossing, and on such portion there were no planks or timbers put in to provide a safe crossing, the space around the rails had been partially filled with gravel, and a spike was negligently allowed to project above the cross ties so as to become dangerous to travelers crossing said railway track. That on said October 29, 1892, appellee attempted to cross said track upon said Navasota street, intending to pass from said street to the Personville road, which intersected said street just beyond said crossing, and the foot of his mule was caught by said spike which appellant had negligently allowed to project above the cross ties, and appellee was thrown from said mule, and he and his mule sustained great injuries, whereby appellee was damaged to the full amount of $3000, as found by the verdict of the jury and judgment below. Appellee was not guilty of contributory negligence in attempting to cross said track at said place in the manner he did.

In the fourteen assignments of error presented by appellant the same points are repeated in different form, and we will consider the following:

1. One of the leading points relied upon by appellant is, that having made a good crossing over the street, about twenty feet wide, which was properly guarded and planked, so as to be safe for travel, and wide enough for all practical purposes, appellant had performed his duty, and that appellee, for his own convenience, in attempting to cross on

a portion of said street which was not so prepared, was guilty of contributory negligence, and can not recover.

The statute upon the subject of crossing a street by a railroad is substantially as follows (Revised Statutes, article 4170): "Such corporation shall have a right to construct across, along, or upon any stream of water, water course, street, highway, plank road, turnpike, or canal which the route of said railway shall intersect or touch; but such corporation shall restore the stream, watercourse, street, highway, plank road, turnpike, or canal thus intersected or touched to its former state, or to such state as not to unnecessarily impair its usefulness to the public, and shall keep such crossing in repair."

In the case of Railway v. Commissioners, reported in 31 Ohio, 345, in which the company had a charter conferring powers almost the same as in the language above stated, the court says: "The twelfth section of the charter conferred upon the company no power to lay its tracks across or along any part of the highway except upon the condition, and is coupled with the duty, of restoring it to its former state of usefulness to the public. The duty of restoring is relative to the right of intersecting or crossing the highway; nor does this section confer any right or power of independent appropriation of the road or highway, or give any right to narrow or establish the width of the same, or to exclude the public from the enjoyment of any part of it without restoring the portion substantially equivalent for the part taken. * * * But it was never intended to invest the company, without the burden of compensation, with the right to narrow the width of a highway or materially to interfere with its facilities for public travel." Similar statutes of other States have received a like construction. Brown v. Railway, 2 Kern., 486; The People v. Railway, 58 N. Y., 165; Veazie v. Railway, 49 Me., 119.

In Roberts v. Railway, 35 Wisconsin, 679, under a statute which requires a highway over which a railroad track is constructed to be restored to its former usefulness, it was held, that "the company must so restore it that its use by the public will not be materially interfered with, nor the highway rendered less safe or convenient to persons or teams passing over it, except in so far as the diminished safety and convenience are unavoidable from any crossing of a highway by a railroad." The same doctrine is clearly laid down, with full citation of authorities, in the case of Railway v. The State (23 Florida, 546), reported in 11 American State Reports, p. 400. Also in The People v. Railway, 67 Ill., 118; Farley v. Railway, 47 Iowa, 234; Maltby v. Railway, 57 Mich., 108. See also 9 Am. and Eng. Encyc. of Law, p. 411.

Mr. Thompson, in his work on Highways, p. 300, says: "As one of the conditions of the authority for railroads to lay their road along streets, highways, plank roads, etc., they are required 'to restore such road to its former state, or such state as not (un)necessarily to impair its usefulness.' If they alter, change, or affect a highway, they must

restore it to its former state, so that the right of third persons will not be affected injuriously by such change, or they will be responsible in damages for any injury sustained from such omission."

In this case, it is clear that the appellant did not comply with the statute, in that he did not "restore the street to its former state, or to such state as not to unnecessarily impair its usefulness, and keep such crossing in repair."

It was fully shown, that the entire street was used by the public; that between the rails was filled up a part of the way by sand and gravel, and that the portion of the street where appellee was injured was commonly used by the public, and the same was not so obviously unsafe as to charge appellee with contributory negligence in using the same. The charge of the court fairly submitted these issues to the jury, and the charges asked by appellant were properly refused.

2. In the third and fifth assignments of error, appellant complains that the court erred in qualifying its special instructions numbers 1 and 3 given to the jury. The qualifications made by the court rendered the instructions more in harmony with the adjudicated cases, and in fact, the special instructions asked would not have been proper without such qualifications. It is improper, however, for the court to qualify any requested charge. If the charge is correct, it should be given as asked; if incorrect, it should be refused.

In this case no injury could have resulted to appellant by the action of the court, and the error was harmless.

3. The verdict of the jury is sustained by the testimony, and the assignment attacking the same is without merit.

4. There is no proper assignment attacking the verdict as excessive, the only assignment of error upon that subject being as follows: "The verdict of the jury is excessive and contrary to the evidence, in this: that the injury of which the plaintiff complains was contributed by his own wrong in turning off the public highway and taking a near cut for his own convenience, and by mere accident his mule's foot was caught upon the railroad track; whereas, if he had kept the straight road, the evidence shows that he could not have been injured, for the road was in first-class condition where the public road crosses the same."

This assignment does not attack the verdict as excessive; but the only ground of error therein specified or relied upon seems to be contributory negligence on the part of appellee "in turning off the public highway and taking a near cut for his own convenience," etc., which does not touch the question of the excessiveness of the verdict. The facts fully show that the appellee was injured inside of Navasota street, where the same is crossed by appellant's road, and that he was not guilty of contributory negligence.

We find no error in the judgment, and the same is affirmed.

*Affirmed.*

Delivered November 7, 1894.