## GULF, C. & S. F. RY. CO. v. HECTOR.
### (No. 6960.)

(Court of Civil Appeals of Texas. Austin. March 31, 1926. Rehearing Denied April 20, 1926.)

1. **Husband and wife** ⟨=204 — **Statute giving wife sole control over her separate property held not to repeal statute permitting husband to sue alone or jointly with wife for recovery of wife's separate property (Rev. St. 1911, arts. 1839, 4621, as amended in 1917 and 1921 [Rev. St. 1925, arts. 1983, 4614]).**

Rev. St. 1911, art. 4621, as amended in 1917 and 1921 (Rev. St. 1925, art. 4614), giving wife sole control of her separate property, does not repeal Rev. St. 1911, art. 1839 (Rev. St. 1925, art. 1983), providing that husband may sue alone or jointly with wife for recovery of any separate property of wife.

2. **Husband and wife** ⟨=49½(8) — **Evidence held to sustain finding that automobile struck by defendant's train was not separate property of plaintiff's wife, as gift from husband (Rev. St. 1911, art. 3968 (Rev. St. 1925, art. 3998]).**

Finding that automobile struck by defendant's train was not separate property of plaintiff's wife, on ground that gift of car to wife, not complying with Rev. St. 1911, art. 3968 (Rev. St. 1925, art. 3998), was merely nominal, held sustained by evidence.

3. **Railroads** ⟨=348(1)—**Evidence held to show railroad's negligence in maintaining crossing.**

In action for damages to automobile struck by defendant's train at crossing, evidence that there was no ballast between rails, which extended above surface of road, held to sustain finding that railroad was negligent in manner in which it maintained crossing.

4. **Evidence** ⟨=588—**Claim that finding of no contributory negligence by plaintiff driving car in high gear up incline to railroad tracks was in conflict with physical facts and with common experience of men held without merit.**

In action for injury to automobile struck by defendant's train at crossing, claim that finding of no contributory negligence by plaintiff in driving car in high gear up incline to defendant's tracks was in conflict with physical facts and with common experience of men held without merit.

5. **Appeal and error** ⟨=999(3)—**Contributory negligence of plaintiff in driving car in high gear up incline to railroad tracks held for jury, and findings thereon not disturbed on appeal.**

Question as to contributory negligence of plaintiff driving car up incline to railroad tracks in high gear held for jury, and findings will not be disturbed on appeal.

Appeal from Coleman County Court; C. L. South, Judge.

Action by E. E. Hector against the Gulf, Colorado & Santa Fè Railway Company.

---

⟨=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment for plaintiff, and defendant appeals. Affirmed.

Dibrell & Snodgrass, of Coleman, and Terry, Cavin & Mills, of Galveston, for appellant.

Baker & Weatherred, of Coleman, for appellee.

BAUGH, J. While attempting to cross appellant's track over a public road crossing near Rockcrusher, in Coleman county, Tex., a Ford car driven by appellee was struck by one of appellant's trains and demolished. He sued the railway company for damages, alleging negligence of the railway company in maintaining its tracks and rails at said crossing higher than said public road, and failure to blow the whistle and ring the bell at the distance from the crossing required by law. The case was submitted to a jury on special issues, and, based upon their answers thereto, the trial court rendered judgment for appellee for $500.

It appears that said crossing was a grade crossing; that there was little or no ballast between the rails; and that same projected almost their full height above the surface of the public road. Appellee ran up the incline to the track in high gear, and, according to his testimony, heard the train whistle, and discovered its approach about the time his car reached the railroad track. In the effort to cross the track he killed his engine, and the car was immediately struck and demolished by the train.

[1] On direct examination appellee testified that he bought said car new in November, 1920, and that he owned same at the time it was destroyed in July, 1921. Appellant offered in evidence a written statement prepared by the claim agent and signed by appellee shortly after the collision, in which appellee stated that he had given said car to his wife as a Christmas present, and, upon cross-examination, testified with reference to said signed statement that—

"The statement in there that the car belonged to my wife, and that I gave it to her as a Christmas present, is correct. I drove it all the time—she claimed it. She never gave it back to me."

Appellant insists that this conclusively shows that said car was the wife's separate property; that, under article 4621, R. S. 1911, as amended in 1917 and 1921 (article 4614, R. S. 1925), providing that, "during marriage, * * * the wife shall have the sole management, control and disposition of her separate property, both real and personal," only the wife had the right to recover for the loss of said car, and that said article 4621, as amended, repealed article 1839, R. S. 1911, which provides that—

"The husband may sue either alone or jointly with his wife for the recovery of any separate property of the wife," etc.

See article 1983; R. S. 1925.

The latter contention, however, is not sustained. The contrary was expressly decided in Pullman Co. v. Cox (Tex. Civ. App.) 220 S. W. 602. See, also, Johnston v. Huckins (Tex. Civ. App.) 272 S. W. 245.

[2] Appellee's wife was not a party plaintiff. If the proof shows conclusively that said automobile was her separate property, we doubt if the pleadings were sufficient to authorize a recovery by the husband in the capacity in which he sued. The ownership of the car became an issue in the case, and, at appellant's request, after the court had defined what constituted the wife's separate property, the issue was submitted to the jury whether said car was the separate property of the wife. The jury found that it was not. Was there any evidence to sustain this finding? We think so. On direct examination appellee testified that he had bought and paid for the car, and that it was his property when demolished. On cross-examination he admitted that he had signed the statement prepared by the claim agent to the effect that he had given it to his wife, and that same was correct, but added, "I drove it all the time; she claimed it." The evidence is very meager on the issue, but the jury doubtless concluded that it was merely a nominal gift, in which the real status, dominion over, and use of the car never in fact changed. Article 3968, R. S. 1911 (article 3998, R. S. 1925), under frauds and fraudulent conveyances, provides that no such gift shall be valid, unless by deed or will, or unless actual possession shall have come to and remained with the donee. In construing that statute in a suit by creditors, in First Nat. Bank v. McWhorter (Tex. Civ. App.) 179 S. W. 1147, it is held that—

"The donor must part, not only with the possession, but with the dominion of the property."

The evidence indicates that this was not done in the instant case. The finding of the jury on this issue will not be disturbed.

[3] Appellant's propositions 2 to 9 challenge the sufficiency of the evidence to support the jury's findings on the following points: The negligence of the railway company in the manner in which it kept said crossing; in the failure of its employees to give the statutory signals by ringing the bell and blowing the whistle at least 440 yards from said crossing; and that such negligence was a proximate cause of the collision. We will not undertake to set out the evidence. It was undisputed that the rails extended above the surface of the road practically their full height, causing a "jolt" to any vehicle crossing the track. Appellee testified that between the rails the ballast was gone until the cross-ties were exposed; that the front wheels of his car "bounced over" the first rail; and that the last one stopped him. On the question of the failure to give

the statutory signals, their findings are sustained by the testimony, not only of appellee, but by that of the fireman and brakeman of the train crew. None of these contentions are sustained by the record.

[4, 5] Propositions 9, 10, and 11 complain that the answers of the jury to special issues A, B, and C, requested by appellant, are not supported by the evidence, and that they are directly in conflict with the physical facts on the ground and with the common experience of men. These issues submitted the question of contributory negligence of appellee in driving his car in high gear up said incline onto appellant's track at said crossing. The jury found against appellant on all of them. The burden of appellant's contention is predicated upon the testimony that the incline going up to appellant's track was about 45 degrees. Just how long such incline was is not shown. We find no merit in this contention. The statement of facts discloses that the witnesses "indicated" before the jury the angle of the incline, and appellee stated on cross-examination that he "guessed" it was "about 45 degrees." The jury doubtless paid little attention to the estimate in degrees, but probably relied upon the incline "indicated" by the witnesses before them. These were matters for their consideration, and we will not disturb their findings thereon.

The jury having found the defendant guilty of negligence, and that such negligence was the proximate cause of the damage, we think that issue D became wholly immaterial, regardless of how it was answered, and that the result would have been the same had the jury answered it "No" instead of "Yes."

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.