The TEXAS & PACIFIC RAILWAY COMPANY, Appellant,

v.

H. A. PORTER, Appellee.

No. 3735.

Court of Civil Appeals of Texas.

Eastland.

Sept. 7, 1962.

Rehearing Denied Sept. 28, 1962.

Mays, Leonard, Moore & Dickson, Sweetwater, R. H. Weaver, Big Spring, for appellant.

Jack Little, Big Spring, for appellee.

GRISSOM, Chief Justice.

H. A. Porter sued The Texas & Pacific Railway Company for damages caused by his automobile being struck by defendant's train at a crossing on a county road. A jury found the railway company guilty of negligence which was a proximate cause of the collision in failing to keep the crossing in good repair. Based on said findings, judgment was rendered for the plaintiff. The defendant has appealed.

The automobile was driven by Mr. Porter's 14 year old daughter, who was accompanied by another girl, Miss Beverley Thurman. As Miss Porter drove on the crossing a wheel went off the end of one of the crossing boards and, when she attempted to drive off the crossing, a rear wheel spun and dug a hole in the dirt causing the automobile to be suspended on the rails. These facts are undisputed. On the trial, plaintiff contended that the ends of some of the boards of defendant's planked crossing were eroded or chipped off so

that the planks which had originally constituted a 16 foot wide crossing had at such places been reduced to about 14 feet; that it was necessary for a person to drive on the edge of the planked crossing because as one approached it he could not see a vehicle coming from the opposite side; that when plaintiff's daughter drove to her right on the edge of the planked crossing, because the ends of some of the boards had eroded or had been "chipped off", a wheel slipped off the end of such a board and caused Porter's automobile to be suspended so that she could not drive off the crossing. Defendant's contention was, in effect, that the girl simply negligently drove off the side of the crossing. Plaintiff alleged that as his daughter approached the crossing it was necessary for her to first jog to the left, or east, then make a 90 degree turn to the right up a steep embankment; that the embankment was so high it was impossible to see whether an automobile was approaching from the opposite side, and, therefore, it was necessary for her to stay on her extreme right; that the right front wheel of plaintiff's automobile slipped off the eroded or chipped ends of some crossing boards causing the automobile to become stuck on the tracks and be hit by defendant's train. Plaintiff alleged, among other things, that defendant was negligent in failing to keep said crossing in good repair.

■ The jury found that defendant failed to keep the crossing at the site of the accident in good repair and that this was negligence and a proximate cause of the collision. Appellant contends the court erred in overruling its motion for judgment non obstante veredicto because all issues requiring whether specific acts of the defendant were negligent were answered in favor of defendant "and the general charge embodied in Special Issue No. 1 will not—support the judgment" and that the court erred in rendering judgment against defendant "based solely upon the general, global issue that appellant failed to keep the railroad crossing 'in good repair'". Appellant says that special issues submitting negligence should be restricted to specific acts of negligence alleged and proved and that it is improper to submit the question of defective condition globally without mentioning the particular item of defectiveness pleaded. It cites in support thereof such cases as Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99; Weidmer v. Stott, Tex.Civ.App., 48 S.W.2d 389, (Writ Ref.), and the like. The cases cited by appellants so hold, but, after a study of the entire record, we think it is evident that the case was tried upon plaintiff's theory that a wheel slipped off the planked crossing because the ends of some of the boards had rotted away and upon defendant's contention that plaintiff's daughter simply negligently drove off the edge of the planked crossing. We find no specific objection to the issues relative to appellant's failure to keep the crossing in good repair, distinctly pointing out to the trial judge that same should have been more specific and inquired whether appellant was negligent in failing to repair the planks which had eroded, or had been chipped off at the end, if they were. See Texas Rules of Civil Procedure, rule 274; Gulf C. & S. F. Ry. Co. v. Bouchillon, Tex.Civ.App., 186 S.W.2d 1006, (Ref. W. M.); Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92, (Ref. N. R. E.). Appellant says the finding that it failed to keep the crossing in good repair is insufficient to support the judgment; that the proper issue was whether appellant breached its legal duty by failing to maintain the crossing in such a condition that an ordinary prudent person, exercising reasonable care for his own safety, would have been able to use the crossing in safety, and that in the absence of such a finding appellant cannot be held liable. Under the circumstances, we think the court did not commit reversible error in such submission and that said findings do support the judgment. See 35 Tex.Jur. pp. 173, 174 and 445, 450; Dillingham v. Fields, 9 Tex.Civ.App. 1, 29 S.W. 214,

(Writ Ref.); Gulf, C. & S. F. Ry. Co. v. Hector, Tex.Civ.App., 283 S.W. 562; International & G. N. R. Co. v. Douglas, 7 Tex.Civ.App., 554, 27 S.W. 793 (Writ Ref.); 32 Tex.Digest Railroads ⊕302; Miller v. Panhandle & S. F. Ry. Co., Tex. Civ.App., 35 S.W.2d 194 (Writ Dis.).

■ Appellant contends that the court committed reversible error in excluding the statement of Miss Thurman to the conductor, which it says was made less than five minutes after the collision and admissible as res gestae, to the effect that appellee's daughter missed the crossing, lost control of the automobile and dropped off the crossing. Appellee replies that there was no showing that the excluded evidence was a part of the res gestae and, further, that it was inadmissible because it was an opinion and conclusion. Appellant says the conductor reached the crossing where Miss Thurman was within 5 minutes after the collision and that said statement to him at that time was admissible as res gestae and was pertinent to the vital issue relative to Miss Porter's actions in getting the automobile hung on the rails and specially pertinent to Issue 14, which inquired whether Miss Porter was negligent in driving the front wheel off of the crossing boards, and that such improper exclusion probably resulted in an improper judgment. In support thereof it cites Pacific Mutual Life Insurance Co. v. Schlakzug, 143 Tex. 264, 183 S.W.2d 709, 712, 24 Tex.Jur.2d 102 and McCormick & Ray, Texas Law of Evidence, page 683. Appellee says that appellant's brief is misleading in inferring that the time element involved was only 5 or 6 minutes; that the statement of Miss Thurman related to the suspension of the automobile on the crossing and not to the collision itself and that appellant did not attempt to show the time that elapsed between the time the car was hung on the crossing and the time Miss Thurman made said statement; that the record shows that after the car was hung on the crossing Miss Porter tried unsuccessfully to drive it off; that, thereafter, Mrs. Reed, who lived about 200 yards from the crossing, came over and attempted to drive the car off and when she was unable to do so Mrs. Reed's son obtained a tractor, brought it to the crossing and tried to pull the car from the crossing; that a tow-chain broke and he was unable to budge the car; that, after all this had happened, Miss Porter ran down to the curve to attempt to stop any approaching train; that the curve is about 100 yards East of the "crossing board" and that the crossing board is between four or five hundred yards East of the crossing. Appellee further says, and we think correctly, that appellant had the burden of presenting a sufficient predicate for the admission of Miss Thurman's statement and, having failed to do so, that we cannot hold that the court erred in refusing to admit it. From the slight testimony introduced pertinent to its admissibility, we conclude that it does not raise a reasonable presumption that her statements were "spontaneous utterances of thoughts created by or springing out of the transaction * * *." Pacific Mutual Life Insurance Co. v. Schlakzug, 143 Tex. 264, 183 S.W.2d 709, 712. It does not show that the statement was volunteered, nor does it show that Miss Thurman knew about the matters with reference to which the statement was made. On the contrary, it indicates that it was merely her opinion and conclusion. See San Antonio Public Service Co. v. Alexander (Tex.Com.App.) 280 S.W. 753, 754 and Southerland v. Porter, Tex.Civ.App., 336 S.W.2d 841 (Ref. N. R. E.). The record does not show that the court erred in excluding said statement.

■ Appellant's last two points are that the court erred (1) in permitting appellee's witness Tune to testify to the market value of appellee's automobile before the collision because his testimony was based on hearsay, and (2) that there is no competent evidence to support the finding that the automobile was reduced in value $1,530.-00. There seems to have been no contest of the testimony of another witness as to the value of the automobile after the colli-

**572**

sion. Appellant cites Galveston, H. & S. A. Ry. Co. v. Hillman, Tex.Civ.App., 118 S.W. 158 and Aronoff v. Texas Turnpike Authority, Tex.Civ.App., 299 S.W.2d 342, as authority for said contentions. In the Hillman case it was held merely that evidence of value based upon information derived from an unidentified and undescribed catalogue was not admissible. Mr. Tune gave the only testimony as to the value of the automobile before the collision. We think his testimony is reasonably susceptible to the interpretation that, based to some extent upon his extensive dealings in the sale of new and second-hand automobiles in the vicinity, but relying chiefly upon the value of the kind, age and equipment of the automobile owned by appellee as fixed by the National Automobile Dealer's Association Guide Book that, in Tune's opinion, the automobile was worth $1,635.00 before the collision. If this is a proper conclusion from all his testimony it was admissible and sufficient to support a finding of the value of appellee's automobile before the collision. Tune testified that he had worked for new car dealers locally since 1953 and had been in the used car business for himself since 1956; that he could tell what automobiles were worth, "along with the book"; that most automobile dealers in that territory use said book and rely heavily upon it and that it was commonly used in that vicinity. In addition, we think it is a matter of common knowledge that said book is generally used by those who deal in automobiles as a guide in determining value. Such testimony was not subject to the objection that it was based on hearsay. Mr. Porter had previously described his automobile and its condition before the collision.

In support of the conclusions stated we cite the following authorities: Texas & P. Ry. Co. v. Donovan, 86 Tex. 378, 25 S. W. 10; Southland Greyhound Lines, Inc. v. Richards, (Writ Dis.), Tex.Civ.App., 77 S.W.2d 272; Curtis v. Schwartzman Packing Company, 61 N.M. 305, 299 P.2d 776, 778; Fulwiler v. Traders & General In-

surance Company, 59 N.M. 366, 285 P.2d 140, 147; Vise v. Foster, Tex.Civ.App., 247 S.W.2d 274, 281, (Ref. N.R.E.); Southern Kansas Ry. Co. of Texas v. Bennett, 46 Tex.Civ.App. 379, 103 S.W. 1115; Chicago, R. I. & T. Ry. Co. v. Halsell, Tex. Civ.App., 81 S.W. 1241, 1242; King v. Shawver, Tex.Civ.App., 30 S.W.2d 930, 931; Western Cotton Oil Co. v. Mayes, Tex. Civ.App., 245 S.W.2d 280, 283.

After a careful consideration of the record we are of the opinion that reversible error is not shown. All points are overruled. The judgment is affirmed.