FREEMAN v. WILSON.    (No. 133–2995.)

(Commission of Appeals of Texas, Section B. June 16, 1920.)

1. **Appeal and error ⬤⟲2—Petition for writ filed under act governed wholly thereby.**

Where petition for writ of error was filed under Laws 1913, c. 55, it is governed wholly by such act.

2. **Master and servant ⬤⟲264(4)—Allegation of negligence held sufficient to take case to jury on theory presented by evidence.**

In view of inclusiveness of general allegations of defendant railway receiver's negligence in furnishing defective pick, plaintiff employé *held* entitled to have cause determined by jury in accordance with theory presented by his evidence that pick was so defectively tempered that, when struck against a steel rail, it threw off a sliver.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by C. W. Wilson against T. J. Freeman, receiver of the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which reversed and remanded the cause (149 S. W. 413), whereupon writ of error was sued out by plaintiff to the Supreme Court, which held it was the duty of the Court of Civil Appeals to determine an excess in the judgment (108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203), and thereafter the Court of Civil Appeals required remittitur and affirmed (189 S. W. 1199), and defendant brings error. Judgment of the Court of Civil Appeals affirmed, on recommendation of the Commission of Appeals.

Ramsey, Black & Ramsey, of Austin, Wilson, Dabney & King, of Houston, F. C. Davis, Marshall Eskridge, and Hicks & Hicks, all of San Antonio, and John M. King, of Houston, for plaintiff in error.

J. D. Childs, of San Antonio, W. C. Campbell, of Palestine, and James W. Brown, of San Antonio, for defendant in error.

SADLER, P. J. On the 12th day of June, 1911, C. W. Wilson, as plaintiff, recovered a judgment in the district court of Bexar county against T. J. Freeman, receiver of the International & Great Northern Railway Company, for $20,386.05, from which judgment an appeal was had to the Court of Civil Appeals, and the judgment reversed and the cause remanded. 149 S. W. 413.

The Court of Civil Appeals held that the verdict was excessive, overruling all of the contentions made by the appellant except in this particular. Writ of error was sued out by Wilson, and the Supreme Court (108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203) held that it was the duty of the Court of Civil Appeals to determine the excess in the judgment. Thereafter the Court of Civil Appeals required a remittitur of $8,000, and, on same being filed, affirmed the judgment of the trial court. The appellant filed a motion for rehearing, which being overruled by the Court of Civil Appeals, writ of error was granted to the Supreme Court.

On the trial of the cause, after the plaintiff had rested, the receiver filed a motion asking for an instructed verdict in its favor. This was overruled. After all of the evidence was in, the defendant below requested a peremptory instruction, which was also overruled.

[1] Touching the question of the jurisdiction of the Supreme Court to entertain this case because of want of importance in the questions presented, we desire to call attention to the fact that the jurisdiction to entertain the petition for writ of error is governed wholly by the act of 1913 (Laws 1913, c. 55), as the petition was filed under that act.

The cause is before us on several grounds of error assigned to the judgment of the Court of Civil Appeals. In our view of the case, however, it will be necessary to consider only those assignments relating to the refusal of the trial court to give a peremptory instruction. The disposition of these assignments will be inclusive of the questions presented by other germane assignments. In alleging negligence as a basis for recovery, plaintiff charged:

"That on the 6th day of December, 1909, near Overton, in Rusk county, Texas, he was in the employ of said defendants and temporarily stationed in said Rusk county, Texas, and while in said employ to the carelessness and negligence of defendants, it became necessary for him, in his regular line of employment, to engage at a piece of work for defendants in which it was necessary and was required of him to handle and work with a pick in order to remove cross-ties from the roadbed of said defendants, and in using said pick a piece of steel or metalic substance slivered off from said pick, or from the steel rail, which he struck with said pick, and with great force and violence, and entered the left eye of plaintiff.

"That at said time and place the defendants were negligent in furnishing plaintiff with a pick which was old, worn, defective, blunt, battered, and insufficient, with a crooked, defective, and insufficient handle, which rendered the striking with said pick difficult and uncertain, and defendants were further negligent in then and there failing to provide plaintiff a safe place in which to work, because the embankment was steep and washed out at that place, and in failing to provide plaintiff a sufficient number of men to do the said work, which caused plaintiff and compelled to him to work as a section hand, instead of only requiring him to supervise the said work, and he was therefore, in fact, the same as any other hand, and working under the general supervision of the roadmaster of said defendants, and the plaintiff was by defendants' said negligence required to work at said dangerous place as aforesaid with said defective tool, and the defendants had therefore negligently permitted the grass to grow along the embankment of said place, which concealed a piece of iron, over which plaintiff stumbled at the same time he made his lick with the said pick at one of the cross-ties on said railroad bed of defendants, and missed the said cross-tie, and struck one of the rails, which caused the sliver as aforesaid, which would not have occurred, had said pick been in proper condition."

As we construe the allegations of negligence on the part of the receiver, it was in furnishing plaintiff a pick which, from its condition and from the character of the ground upon which he was required to work, caused him to strike the steel rail, resulting in his injury.

The direct charge is nowhere made in the petition that the receiver was negligent in furnishing the plaintiff with a pick which was improperly tempered, and which by reason of its tempered condition threw off a par-

ticle of steel when coming in contact with the steel rail. In view, however, of the general allegations of negligence, the Supreme Court has indicated that—

"The allegations as to the defective condition of the pick, broad and general as they were, were amply sufficient to rendered competent the proof made as to its particular condition, and that by its use the plaintiff was injured in the manner shown."

On the trial of the case, the only evidence of negligence presented by the record was in furnishing a pick not properly tempered, and so defectively tempered as, when struck against a steel rail, to throw off a "sprawl" or "sliver," which produced the injury to plaintiff. The court submitted the cause to the jury on the theory of negligence on the part of the receiver in furnishing a defective and insufficient pick.

[2] In view, therefore, of the inclusiveness of the general allegations of negligence, the plaintiff was entitled to have the cause determined by the jury in accordance with the theory presented by the evidence.

A very careful consideration of the other assignments discloses no question meriting discussion. We therefore recommend that the last judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes