## LUMBERMENS MUT. CASUALTY CO. v. HUTCHINS.

### No. 13188.

United States Court of Appeals
Fifth Circuit.

April 11, 1951.

Rehearing Denied May 23, 1951.

G. M. Bodenheimer, Jr., Shreveport, La., for appellant.

Sam A. Freyer, A. B. Freyer, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

In this case the appellee, as plaintiff, sued the appellant insurer for damages sustained by him in a collision in which a trolley bus he was operating was struck by a truck. The collision occurred at a street intersection in Shreveport, Louisiana. The plaintiff predicated his case upon the specified negligence of the driver of the truck. The personal injuries claimed

to have been sustained consisted of a sprain in the lower lumbar region in the vicinity of the sacro illiac joint and right ilium and a ruptured disc in the lower lumbar region of the spine, which injuries are alleged to have caused great pain and suffering, substantial medical expense and total and permanent disability for any form of normal labor.

The defendant denied all allegations of negligence, alleged due care in the operation of the truck, and asserted that the plaintiff was guilty of specified acts of negligence which were the proximate cause of the collision. In the alternative, the defendant plead that the plaintiff was guilty of contributory negligence which barred recovery.

The jury returned a verdict for the plaintiff in the amount of $20,000.00, the limit of the defendant's liability under the provisions of the policy upon which the suit was predicated.

In this Court the defendant vigorously contends that the evidence is wholly insufficient to authorize any recovery predicated upon the negligence of the defendant's insured, and further discloses that a recovery in any event is barred because of the established contributory negligence of the plaintiff. Upon this contention is predictated assignments of error upon the action of the Court in overruling a motion for a directed verdict presented at the conclusion of the evidence, and after trial renewed by a motion for judgment *non ob-* *stante* or for a new trial, which motion was likewise overruled. Error is also assigned here upon the error of the Court in answering a request from the jury made after the jury had considered the case for some time;[1] upon the refusal of the Court to charge its tendered requested instruction embracing the proposition that the *quantum* of damages is a matter of substantive law and that the Federal Court is bound thereby, so that the jury should consider stated awards of the Louisiana State Courts in similar cases, and upon the charge of the Court giving specified and numbered requests of the plaintiff, and "in not explaining" such requests. Error is also here assigned upon two excerpts from the general charge of the Court, and upon an instruction given that "if you find that the complainant is suffering from a ruptured disc, it follows that he is totally and permanently disabled from performing work of any reasonable character."

There are some inconsistencies in the testimony offered by the plaintiff, and some features of it would, if accepted by the jury, have authorized a finding that the plaintiff was guilty of contributory negligence. There was no direct conflict presented by the evidence in behalf of the defendant, for the driver of the truck had gone to parts unknown and could not be subpoenaed nor presented as a witness by the defendant to support its contentions. However, the evidence, taken most favor-

1. This assignment relates only to what is denominated question No. 1, as follows:

"The Foreman: Your Honor, we would like to know if in case the jury renders a verdict for the plaintiff in any amount his compensation insurance which is now being paid him would be stopped immediately?

"The Court: That is question number one.

\*   \*   \*   \*

"The Court: If you attorneys will come into the next room with me I would like to confer with you.

"(Whereupon all of the attorneys in the case and the Judge departed from the courtroom, and after a short time returned to the courtroom, at which time the proceedings below took place.)

"The Court: The answer to question No. 1 is this—I will answer it both ways so that the jury may understand—if Mr. Hutchins is allowed a judgment against the present defendant the intervenor will be paid back what it has already paid to Mr. Hutchins, and they will stop paying Hutchins.

"If Hutchins isn't given a judgment by you against the defendant, then this compensation he receives from the intervenor will be continued as long as he is disabled, but not to exceed four hundred weeks.

"I have answered that both ways, because I do not know what you have in mind in asking the question, and you will have the answer both ways no matter what the question in your mind is."

ably for the plaintiff, as we must take it upon appeal,[2] is sufficient to authorize the verdict of the jury, and consequently the assignments of error predicated upon the insufficiency of the evidence cannot be sustained.

Coming then to consideration of the errors sought to be assigned upon the excerpts from the charges of the Court, we are confronted with the contention vigorously urged by counsel for appellee that there had been an absolute failure of compliance with Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., so that the assignments properly present no question for review. This contention is predicated upon the assertion, borne out by the record, that the only exceptions urged upon the trial was the general one confined, as to the defendant's requested instructions not given to, "defendant excepts to the failure of the Court to charge defendant's requested charge number 6, and for charging numbers 2, 3, 4, 8, 9, 10, 11 and 14 of the plaintiff's Special Requested Charges."

■ We think in view of the full statement of the defendant's requested instruction No. 6, which had been presented to the Court, that this objection sufficiently complied with the requirements of Rule 51, supra. However, this avails the appellant nothing, for the refusal of the Court to so charge was not only not erroneous, (Dowell, Inc. v. Jowers, 5 Cir., 182 F.2d 576), but the giving of the charge would have been error. Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442.

■ As to the errors sought to be assigned upon the giving of the plaintiff's requested instructions, upon an objection as general as in this case, we think there was clear failure to comply with the requirements of Rule 51, supra. Especially is this true as to those errors sought to be assigned which go not to the abstract legal correctness of the excerpts in question, but to the failure of the Court to explain them. A complaint that an excerpt from the Court's charge which in itself is correct as a matter of law, should have been amplified, is manifestly incomplete as a ground of error in the absence of a showing that a request for an amplification was made to the trial judge. We may add, however, that in our consideration of the case we have concluded that, with the two exceptions hereinafter noted, the charges complained of were not erroneous, if considered in their context and when not viewed without relation to the language which precedes and follows them.

■ We do not approve the answer given by the Court in response to the jury's inquiry, as set forth above, as legally appropriate or correct, nor the propriety of the judge expressing the disability consequences of a ruptured intervertebral disc. Nevertheless, as to the first, the Court had theretofore clearly charged upon this feature of the case; as to the second, the Court immediately conditioned the statement.[3] Counsel did not at all object to the patent inaccuracy of the Court's answer to the question, nor was the instruction so conditioned in anywise brought to the attention of the Court except as generally embraced in the exception considered above. Both objections relate to mat-

---

2. Atlantic Greyhound Corporation v. Crowder, 5 Cir., 177 F.2d 633.

3. "The Court will add this condition here: That if you find the evidence in the record discloses that plaintiff's physical condition of having a ruptured disc is true, and that for the sum of $1,000 by surgery he might be cured, or placed in almost the same condition that he was before—I think there was testimony by one of the physicians who stated that it could be done for $1,000, and that he would be all right except that he would still have disability of ten percent—you gentlemen of the jury are to place whatever weight and consideration on that testimony you care to give it. I merely make this remark at this time because in the face of the charge that I gave you there that a person who is suffering from a ruptured disc is totally and permanently disabled should not be allowed to stand without directing your attention to the testimony in the record by this physician that by surgery, at a cost of $1,000, his condition might be relieved to the extent of curing it except for perhaps ten percent disability."

ters which the trial court could, and doubtless would, have readily settled and explained if the grounds of error now asserted had been timely presented.

Upon consideration of the case and the Court's charge as a whole, we conclude that these assignments of error are not of sufficient merit to authorize our nullification of the trial and judgment.

Judgment affirmed.