**LOCKHEED AIRCRAFT SERV-
ICE, Inc.,**

v.

**Victor D. GIBSON.**

No. 15037.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1954.

Rehearing Denied Feb. 18, 1955.

Emory Cantey, Cantey, Hanger, Johnson, Scarborough & Gooch, David O. Belew, Jr., Fort Worth, Tex., for appellant.

G. C. Spillers, G. C. Spillers, Jr., Tulsa, Okl., Edward C. Fritz, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

HUTCHESON, Chief Judge.

Brought by plaintiff, a test pilot in the employ of Lockheed Aircraft Corporation, the suit was for personal injuries received by him in the crash at Carswell Air Force Base of a B–29 aircraft belonging to the United States Government, which defendant, under sub-contract with the "Corporation", had undertaken to repair and prepare for a flight to the Air Force Base at Marietta, Georgia.

The claim was that the defendant was negligent in the respects set out in the complaint in repairing the aircraft and preparing it for the flight in question,

and that the crash and his injuries had resulted proximately therefrom.

The defenses, in addition to the denial of the allegations of negligence, were: (1) that plaintiff was guilty of contributory negligence in the respects set out, running alphabetically from A to Z; and (2) that the injuries resulted from risks incidental to the job and duty of a test pilot, and plaintiff, a qualified test pilot, voluntarily assumed them with knowledge thereof and cannot recover.

The cause was fully tried to a jury on the issues joined, and, at the conclusion of the evidence, neither plaintiff nor defendant moving for a directed verdict, the cause was submitted to the jury on a general charge. There followed a verdict for $70,000, a remittitur of $20,000 ordered and made, and a judgment for $50,000 from which defendant has appealed.

■ Here, notwithstanding its failure to move for a directed verdict and the uniform rule,[1] that in such case this court will not inquire into the sufficiency of the evidence, the appellant assigns as error, and devotes a considerable portion of its brief to a discussion of its claim that the evidence was insufficient to support the verdict, while the appellee, though insisting that the question is not properly before us, devotes the major part of its brief to a refutation of this claim.

■ Because of appellant's failure to comply with the settled law on the subject, we will omit all consideration of this contention to take up and dispose of the other claimed errors, the refusal of defendant's special charges numbered from one to twenty, and of one dealing with the receipt by plaintiff of workmen's compensation.

As appellant presents them in its brief, special charges Nos. 5, 6, and 7,[2] designed, as it claims, to present the defense expressed in the phrase "volenti non fit injuria"[3] are discussed together.

■ Because appellant devotes a large portion of its brief to these three charges, while appellee passes them over without a discussion, we have given them careful consideration in the light of the record with the following results. We conclude that charge No. 5 is not at all germane to the other two charges with which it is grouped. It presents the idea that a failure on the part of plaintiff to discover defects which caused the injury would as matter of law defeat his recovery. This charge, making the plaintiff an insurer, finds no support in the authorities appellant cites, such as Byars v. Moore-McCormack Lines, 2 Cir., 155 F.2d 587. If given, it would have been highly prejudicial error.

■ Charges Nos. 6 and 7 do concern themselves with the asserted defense, but neither of them is a correct charge. This is so because each incorrectly seeks to put the plaintiff in the position of one who had been employed to make a specific repair so as to provide safety against a particular defect known to be dangerous and necessary to be eliminated, instead of one whose business, as his was, was merely to test generally for the existence vel non of defects. Moreover, instead of submitting the issues in terms of a particular specific known danger arising from negligence, the charges would have permitted a jury verdict for defendant

---

1. Tharp v. Mundy, 5 Cir., 195 F.2d 987; Employers' Liability Assurance Corp. v. Lejeune, 5 Cir., 189 F.2d 521, at page 524, and cases cited.

2. No. 5 instructed the jury that if it found that the crash resulted from a defect which plaintiff had been employed to detect, it should find for defendant; No. 6 that if plaintiff voluntarily exposed himself to a known and appreciated danger, he could not recover for injuries caused

thereby; and No. 7 presented the same idea as No. 6 in even broader and more general terms.

3. Walsh v. West Coast Coal Mines, Wash., 197 P.2d 233; Wood v. Kane Boiler Wks., 150 Tex. 191, 238 S.W.2d 172; Ragsdale v. Lindsey, Tex.Civ.App., 254 S.W.2d 843; Levlon v. Dallas Ry. & Terminal Co., Tex. Civ.App., 117 S.W.2d 876; Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

based upon the general dangers inherent in all plane flights.

■ Another claimed error, relied on and briefed by appellant, is the failure to give charge No. 8, submitting the issue of independent cause arising out of the use by plaintiff of a leather mike thong looped around his neck which became entangled in his collar and prevented him from disengaging himself at the time he jumped from the plane and caused him, as he testified, to fall on his back instead of on his face. We see no basis in law or in fact for giving this charge. The idea advanced by appellant that under Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, and similar cases, a charge of this kind was proper, presents we think a complete misconception as applied to this case of the doctrine of foreseeability as a controlling element in proximate causation.

We are of the opinion, though, that others of its requested charges correctly presented its defensive theories and that it was reversible error to refuse to submit them.

■ One of such charges is Special Instruction No. 3.[4] The evidence correctly presented the issue, and the charge is supported by, indeed is based on, the Texas decisions [5] cited and relied on by appellant. It was error to refuse it.

Appellant's instructions Nos. 9, 10, 11, 12, 14, 15, 16, 17, 18, 19 and 20, set out on pages 32 to 41 inclusive of the Record, deal with different aspects of the defenses of contributory negligence and are presented together. In and by these the defendant sought to have presented to the jury the specific theory it asserted in its answer and supported by the testimony of many witnesses, that plaintiff was contributorily negligent in each of the respects pleaded by it. Here it contends in summary: that each of these specifically requested instructions presented to the jury affirmatively an aspect of its defense of contributory negligence; that each was supported by testimony; that each correctly presented an issue; and that none of these requests made were covered in the main charge.

Appellee, without discussing any of the requested instructions in detail, insists that each of them, to the extent that it was correct, was presented by the court in the general charge.

■ We cannot agree with appellant: that none of its requested charges were given in the main charge—charges 14, 15 and 17 were in effect given—and that it was error to refuse each and all of them. Certainly it was not error to refuse instructions Nos. 9 and 10, 18 and 19, which would have charged to plaintiff any negligence on the part of members of his crew. Neither, however, can we agree with the appellee that all of the requested instructions which were correct were given in the main charge. We think it perfectly clear that it was error to refuse requested instructions Nos. 11, 12 and 20,[6] each of which submitted for the jury's determination whether specifically claimed failures to exercise due care, as to which there was

---

4. "If you find from a preponderance of the evidence that the repair work done on the B-29 in question was performed by the defendant, Lockheed Aircraft Service, Inc., in accordance with the standard custom of aircraft repair work, the plaintiff cannot recover, unless you further find from a preponderance of the evidence that such custom was negligent as that term has heretofore been defined."

5. Houston & T. C. R. Co. v. Alexander, 103 Tex. 594, 132 S.W. 119; Taylor v. White, Tex.Com.App., 212 S.W. 656; Houston & T. C. R. Co. v. Werline, Tex.Civ.App., 84 S.W.2d 288.

6. No. 11 submitted the question whether plaintiff, as flight commander, "failed to make a discrepancy report to the defendant after noting gas fumes or leaks on the occasion of the test flight on Sept. 27, 1951, and whether such failure was negligence and the proximate cause of the accident".

No. 12 submitted the question whether plaintiff "was informed by members of his crew that there were gas fumes after the take-off, and failed to return to his base at Pyote, Texas, and that such failure was negligence and a proximate cause of the accident."

No. 20 submitted the question whether plaintiff was negligent in attempting a landing with his flaps up, and whether such negligence was the proximate cause of the accident.

evidence, were shown and, as to each of them, whether if the failure occurred, it was a proximate cause of the crash and injury.

The district judge did indeed properly and fully state to the jury the theories of defendant as set out in its pleadings, but, when he came to submit the issues to the jury, he failed and refused to present some of them, though specifically requested by defendant in special instructions to do so. The only issue as to contributory negligence from the defendant's standpoint which the court presented was that of plaintiff's miscalculation of his distance or height from the ground. The other issues, presented in charges Nos. 11, 12 and 20, were not presented and the failure to present them as requested was reversible error.

 Finally, appellant complains as error of the failure of the court to deduct from the amount of the verdict the compensation benefits which plaintiff had received under Georgia law from his employer's compensation carrier and in support thereof cites cases from Texas,[7] instead of, as it should have done, citing the Georgia statute and cases under it. It has, therefore, made no showing whatever of merit in respect of this point. Moreover, plaintiff did not, as the plaintiff did in Sunray, sue for the benefit of the compensation carrier. Besides, the district judge, in requiring a remittitur, required the remission from the recovery of far more than the amount plaintiff had received as compensation. Because, however, of the errors above pointed out, the cause is reversed and remanded for further and not inconsistent proceedings.

Reversed and remanded.

On Petition for Rehearing

PER CURIAM.

It is ordered that the petition for rehearing in the above entitled and numbered cause be, and it is hereby denied.[8]

---

7. Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971; Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052; Sunray Oil Corp. v. Allbritton, 5 Cir., 187 F.2d 475.

---

8. Cf. Lumbermen's Mutual Cas. Co. v. Hutchins, 5 Cir., 188 F.2d 214; Montgomery v. Virginia Stage Lines, Inc., 89 U.S.App.D.C. 213, 191 F.2d 770.