## GIBSON v. LOCKHEED AIRCRAFT SERVICE, INC.

No. 42.  Argued December 5–6, 1955.—Decided February 27, 1956.

*G. C. Spillers, Jr.* argued the cause for petitioner. With him on the brief were *G. C. Spillers* and *Edward C. Fritz.*

*Emory A. Cantey* argued the cause for respondent. With him on the brief were *R. K. Hanger* and *David O. Belew, Jr.*

PER CURIAM.

Petitioner Gibson recovered judgment in a personal injuries action against the Lockheed Company in a United States District Court. The Court of Appeals for the Fifth Circuit reversed and remanded for a new trial on the ground that four instructions requested by Lockheed and refused by the trial court should have been given. 217 F. 2d 730. We granted certiorari, 349 U. S. 943, to consider the following questions:

(1) Whether Lockheed's objection to the trial court's refusal to give its requested instructions com-

plied with Rule 51 of the Federal Rules of Civil Procedure.

(2) Whether the refusal of the trial court to charge as requested by respondent Lockheed was prejudicial error requiring reversal.

A thorough consideration of the record convinces us that the charge as given by the trial court was both complete and correct. Cf. *District of Columbia* v. *Woodbury*, 136 U. S. 450, 466. There was no error in refusing the requested instructions. We consider this to be a case where, in the exercise of our supervisory powers over the lower federal courts, the judgment of the Court of Appeals should be reversed in the interests of justice, and that of the District Court reinstated. Accordingly, we find it unnecessary to consider the question presented as to Rule 51.

*Reversed.*

MR. JUSTICE FRANKFURTER, concurring.

The controlling claim on which petitioner sought certiorari was that the decision of the Court of Appeals for the Fifth Circuit disclosed conflict and confusion among the circuits in the application of Rule 51 of the Federal Rules of Civil Procedure. We granted the petition. A critical examination of the 118 decisions on which the petitioner relied in his claim regarding Rule 51 convinces me that there was no such conflict and confusion. Therefore, for the reasons set forth by Mr. Chief Justice Taft on behalf of the Court in *Layne & Bowler Corp.* v. *Western Well Works, Inc.*, 261 U. S. 387, the writ should be dismissed as improvidently granted even though full argument has been had. But my brethren find that certain rulings of the Court of Appeals involving ordinary questions in the law of negligence, which by themselves never would have warranted the granting of a writ, are

so obviously and injuriously erroneous, "as to call for an exercise of this court's power of supervision." This is of course one of the considerations within our Rule governing review on certiorari. Rule 19 (1)(b). I accept their reading of the record and therefore join in the judgment of the Court.