**R. D. OWENS and Owens & Brumley Funeral Home, Appellants,**

v.

**L. J. MILES CONSTRUCTION COMPANY, Appellee.**

**No. 16106.**

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1960.

Crowley, Wright, Miller & Garrett, and James E. Wright, Fort Worth, for appellants.

Cantey, Hanger, Johnson, Scarborough & Gooch, and John McBryde, Fort Worth, for appellee.

BOYD, Justice.

L. J. Miles Construction Company recovered judgment for $1,000.00 against R. D. Owens and Owens & Brumley Funeral Home for damages to an automobile caused by a falling tree which had been standing on defendants' premises adjacent to their parking lot, which lot they maintained in connection with their business as funeral directors. Defendants appeal.

J. J. Miles drove appellee's automobile to the funeral home, his purpose being to transact business with appellants in connection with the funeral of a relative. He parked the car on the parking lot in one of the places for parking designated by lines. Before the business transaction was finished, and during a storm, the tree fell across the car, causing the damages complained of.

According to the jury findings, the tree was in a defective condition immediately prior to its fall; appellants knew, or by the exercise of ordinary care should have known, of such defective condition of the tree; they were negligent in permitting the tree to remain standing adjacent to the parking lot, which negligence was a proximate cause of the damages; they were

negligent in failing to caution Miles, at the time he parked the car, about the defective condition of the tree, which was a proximate cause; they were negligent in failing to warn him, after he entered their place of business, to move the car from the vicinity of the tree, which was a proximate cause; the falling of the tree was not an Act of God; and appellee's damages were not the result of an unavoidable accident.

By their first two points appellants say that it was error to ask the jury in issue No. 1 if the tree was in "a defective condition," because such issue was not raised by the pleadings, and was too general, abstract, and vague, amounted to a general charge, failed to confine the jury's deliberations to the pleadings and evidence, and the finding left the court and parties without guidance as to the grounds upon which the finding was based. They also complain of the submission of the companion issues based upon an affirmative answer to No. 1.

The pleading on which appellee went to trial, as originally filed, alleged that on the date in question the tree was and for a long time prior had been decayed and rotten and likely to fall, and constituted a hazard and menace to persons and property in its vicinity, all of which was well known to appellants, and that appellants were negligent in the following particulars: "(a) In allowing and permitting said tree to remain on their premises in a decayed and rotten condition and in the vicinity of the parking lot to which they invited their customers to park their automobiles;" and "(b) In allowing and permitting said tree, in the condition it was in on and before July 6, 1956, to remain adjacent to the parking lot to which they invited their customers to park their automobiles."

■ Appellants excepted to allegations (a) and (b) "for the reason that the allegations contained in each such sub-paragraph are basically identical, and if read to the jury will result in undue and unwarranted emphasis being placed upon such

allegations of negligence to the prejudice of Defendants." The court sustained the exception to the extent of striking allegation (a). It would seem that after such ruling, allegation (b) remained in the petition without exception. We think the petition, as it remained after the exception was sustained, constituted a sufficient predicate for the submission of special issue No. 1. Coleman v. Texas & Pac. Ry. Co., Tex.Civ. App., 241 S.W.2d 308, error refused; Goldman v. Engel, Tex.Civ.App., 250 S.W. 303; Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Texas & New Orleans R. Co. v. Hayes, 156 Tex. 148, 293 S.W.2d 484; Agnew v. Coleman County Electric Cooperative, 153 Tex. 587, 272 S.W.2d 877; Freeman v. Wilson, Tex.Com.App., 222 S.W. 551.

■ Appellants say that it was error to submit issue No. 7, which asked if appellants were negligent in failing to warn J. J. Miles, after he had entered their place of business, to remove the car from the vicinity of the tree. No. 8 asked if such negligence, if any, was a proximate cause of appellee's damages. Appellants say that issue No. 7 presumed the existence of a reason for warning, yet the condition of the tree was a controverted issue, and that therefore it was a comment on the weight of the evidence; and, further, that such issue was included in issue No. 5, which asked if appellants were negligent in failing, at the time he parked the car, to caution Miles, by sign or otherwise, about the defective condition of the tree, if it had been found to be defective, and that this constituted a second submission of the same fact issue.

There was a change in conditions after Miles parked the car. While he was in appellants' place of business a wind storm occurred. The jury could have believed that the tree was more likely to fall during the storm than before the storm. So it seems to us that whether it was negligence not to caution Miles of the defective condition of the tree at the time he parked the

car was not exactly the same issue as to whether it was negligence not to warn him to move the car from the vicinity of the tree after the storm blew in.

It appears that the only thing the issue assumed was the failure to warn. The evidence is undisputed that the warning was not given. In asking the jury if it was negligence not to warn, we think the court was, in effect, asking the jury if there was a reason to warn, rather than assuming that there was.

If issue No. 7 constituted an incomplete submission of a ground of recovery, the court is deemed to have found the omitted issues in such manner as will support the judgment, there being evidence in which they would have found support. Rule 279, Texas Rules of Civil Procedure.

We do not think the objection that the issue was on the weight of the evidence pointed out distinctly the omission to submit other component elements of this ground of recovery. Texas Employers' Insurance Association v. Hudgins, Tex.Civ. App., 294 S.W.2d 446; Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92; Panhandle & S. F. Ry. Co. v. Friend, Tex.Civ.App., 91 S.W.2d 922, 931.

In the last cited case, the following objection to an issue was held to be too general to point out the failure to submit component elements of an issue: " * * * the same is in the nature of a general charge, is not warranted by the pleadings in this case, is not warranted by the evidence in the case, is duplicitous and multifarious and on the weight of the evidence, assumes a controverted fact in the case, and is not a proper submission of the element therein sought to be submitted."

■ Issue No. 9 was: "Do you find from a preponderance of the evidence that the accident in question was the result of an Act of God, as that term is defined for you below?" Appellants say that the issue improperly placed the burden of proof on them. If that be so, we think it is not

ground for reversal, because the issue of unavoidable accident was submitted, with the burden on appellee, in whose favor it was answered. The court defined "Act of God" as "an occurrence that is the result of such natural causes as could not reasonably have been foreseen and guarded against." "Unavoidable accident" was defined as an incident occurring without having been proximately caused by the negligence of either of the parties.

■ It has been held that an Act of God is an inevitable accident. Neal v. Saunderson, 2 Smedes & M., Miss., 572, 41 Am.Dec. 609. "An 'act of God' is an inevitable accident because no human agency can resist it, but the expression 'inevitable accident' is broader and more comprehensive than 'act of God.' An act of God is unconnected with the agency of man while an inevitable accident may have its origin either in the agency of man or in a natural force." 38 Am.Jur., p. 648, sec. 6. If an Act of God is an unavoidable accident, it was not necessary to submit the issue inquiring if the accident was an Act of God. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 384. In the cited case the court submitted the issue of new and independent cause and improperly placed the burden of proof. The definition of proximate cause included the element of new and independent cause. The Supreme Court said: "The trial court in this case having included the element of new and independent cause in its definition of proximate cause and having then defined new and independent cause should not have submitted the separate issue on new and independent cause. It follows that the erroneous placing of the burden of proof in the issue is no ground for reversing the trial court's judgment."

If the record discloses any error, we do not think it is such as was reasonably calculated to cause, or probably did cause, the rendition of an improper judgment. Rule 434, T.R.C.P.

The judgment is affirmed.