**A. H. BULL STEAMSHIP CO., Inc.,** Appellant,

v.

**Egbert LIGON,** Appellee.

**No. 18380.**

United States Court of Appeals Fifth Circuit.

Dec. 19, 1960.

Frank G. Harman and B. D. McKinney, Houston, Tex. (Baker, Botts, Andrews & Shepherd, Houston, Tex., of counsel, for appellant.

Arthur J. Mandell, Houston, Tex., Egbert Ligon, Houston, Tex., Mandell &

Wright, Houston, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellee, Egbert Ligon, a longshoreman engaged with others in the unloading of the appellant's vessel, the S. S. MAE, fell into the Houston, Texas, Ship Channel, from a gangway ladder while leaving the ship. He sued for injuries sustained as a result of his fall and asserted unseaworthiness of the vessel and negligence of its owner. A verdict for $8,000 was returned for the appellee and against the appellant, and judgment was entered on the verdict. From the judgment this appeal has been taken. From the specifications of error, stated and restated by the appellant, and the counterpoints of the appellee, as set forth in keeping with the customs of Texas practice, we find three questions presented. Liability for the appellee's injuries is not one of them.

The first question for consideration is whether the district court properly excluded evidence that the appellee was receiving, or was entitled to receive, social security payments and a veteran's pension which would be cut off or reduced if his earnings exceeded $1,200 per year. The appellee had undertaken to show that his earnings subsequent to his injury were substantially less than he had previously earned. During the year prior to his injury the appellee had earned about $2,900 per year. Since his injury his earnings were in the neighborhood of $400 per year. The appellant contended before the district court and here contends that it would have been proper to show the retention of the benefits as being a reason for the appellee to limit his earnings, and that such evidence would therefore be relevant and material to the issue of damages.

■■ It is well settled that there will not be any reduction of an award of damages for personal injuries by reason of payments made to an injured party from a collateral source independent of the wrongdoer. Lockheed Aircraft Service, Inc. v. Gibson, 5 Cir., 1954, 217 F. 2d 730, reversed on other grounds 350 U.S. 356, 76 S.Ct. 366, 100 L.Ed. 395; R. E. Dumas Milner Chevrolet Co. v. Morphis, Tex.Civ.App., 337 S.W.2d 185; Texas Cities Gas Co. v. Dickens, Tex. Civ.App., 156 S.W.2d 1010; Graves v. Poe, Tex.Civ.App., 118 S.W.2d 969; 15 Am.Jur. 615, Damages § 198, 17 Tex.Jur. 2d 173, Damages § 103. The appellant leans heavily upon the decision in Murray v. New York, New Haven & Hartford Railroad Co., 2d Cir., 1958, 255 F. 2d 42, and in its brief quotes at length, with much emphasis by italics, from the opinion in that case. There it was held, in a case where a railway engineer sued his employer under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for personal injuries, that the jury might consider the future pension of the plaintiff in calculating the loss of future earnings. The case is clearly not in point here since the pension was payable by the defendant employer. The pension was from the wrongdoer and not from a collateral source wholly independent of the wrongdoer. In Texas Cities Gas Co. v. Dickens, supra, it was held that evidence of the payment of a pension payable to a disabled employee by his employer was properly excluded in the trial of an action brought by the employee against a third party tort-feasor. The same rule should apply where the amounts received are social security benefits and a veteran's pension.

But, says the appellant, if the evidence was not admissible in mitigation of damages it should have been received to show that there was a reason, apart from inability to work, why the appellee "would perhaps desire not to earn more than a certain amount per month or per year." To support this contention the appellant cites and relies upon Union Transports, Inc. v. Braun, Tex.Civ.App., 318 S.W. 2d 927. There it was stated that it was not error to permit a defendant in a highway collision case to show that the

938

driver's license of the plaintiff, a truck driver, had been cancelled soon after the collision, for the purpose of refuting the driver's testimony that the only reason he did not work was because of the injury received in the collision. This case was distinguished in R. E. Dumas Milner Chevrolet Co. v. Morphis, supra, where the injured person had a contract with the partnership of which he was a member for disability payments. The Braun case is to be distinguished here. There is no such rule excluding evidence of the cancellation of a driver's license as prohibits the showing of payments to an injured person of compensation or pensions from collateral sources. There is no direct evidence that the appellee was refraining from working in order to protect his social security and veteran's pension. Applicable here is the following from the Dumas Milner opinion:

"If appellants could have profited from the admission of such evidence, it would have been at the expense of one whose only fault, so far as we can see, was to make provision for the time when his earnings might be lessened or might cease. It may be better for the wrongdoer to suffer a possible disadvantage than for an innocent person to suffer from the certain evils of a different practice." 337 S.W.2d 185, 188–189.

We do not think it could reasonably be inferred that a person deliberately restricted his earnings in order to avoid the forfeiture of other benefits where such forfeiture would not take place unless there were earnings of two or three times those actually realized. This being so, the evidence was properly excluded although, as suggested in the Dumas Milner opinion, there may be cases where evidence of this kind should be admitted.

■■ The trial court instructed the jury that it could consider as elements of damage "such physical pain, if any," and "such mental anguish, if any," as the appellee "will in reasonable probability sustain in the future * * *

directly and proximately caused by the injuries suffered by him * * *." The appellant's second specification of error is that there was no evidence, or insufficient evidence, to support the submission to the jury of the element of future pain and suffering. There was testimony that the fall had aggravated a pre-existing arthritic condition of appellee's spine and that he would be unable to do hard manual labor. There was medical testimony that "he will not get better readily from this [arthritic] sort of thing." Recovery may be had for future physical pain and suffering if there is a reasonable probability of such consequences, and mental suffering will be implied from injuries accompanied by physical pain. See Verhalen v. Nash, Tex.Civ.App., 330 S.W.2d 676, and the authorities there cited. The evidence was sufficient to go to the jury on the issue of permanent injury.

■ The appellant's third ground of error is that the exclusion of evidence as to the possible loss of social security and veteran's benefits, and the instruction permitting an award for future pain, suffering and mental anguish, resulted in an excessive verdict, and a new trial on the issue of damages is therefore required. It would seem to follow that our decision of the first two questions against the appellant would require that the third contention be resolved in the same way. We find nothing in the record before us to show that the award is excessive as a matter of law. No reason appears for setting it aside. Illinois Central Railroad Company v. Andre, 5 Cir., 1959, 267 F.2d 372; Fort Worth & Denver Railway Co. v. Janski, 5 Cir., 1955, 223 F.2d 704; Sunray Oil Corporation v. Allbritton, 5 Cir., 1951, 188 F.2d 751; Marks v. Saul, Tex.Civ. App., 326 S.W.2d 24; Missouri-Kansas-Texas Railroad Co. of Texas v. Anderson, Tex.Civ.App., 258 S.W.2d 375; Texas & New Orleans Railroad Co. v. Coogler, Tex.Civ.App., 209 S.W.2d 778.

The judgment of the district court is Affirmed.