**Jim SIMMONS, Appellant,**

v.

**UNION TERMINAL COMPANY,**
**Appellee.**

**No. 18320.**

United States Court of Appeals
Fifth Circuit.

May 9, 1961.

Rehearing Denied July 19, 1961.

J. O. Bean, Gallagher, Francis, Bean, Wilson & Berry, Dallas, Tex., for appellant.

D. L. Case, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for appellee. Jack Pew, Jr., Dallas, Tex., of counsel.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

PER CURIAM.

In this personal injury action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the appellant, against whom a jury verdict was returned, assigns three errors as requiring reversal: that the employer failed as a matter of law to furnish a reasonably safe place for appellant to work; that the court erred in submitting the case to the jury under a "special issue charge," and that the court erred in admitting, for impeachment purposes, evidence that appellant was receiving Railroad Retirement Benefits. We do not think that the appellant has shown that the court committed reversible error in any of the particulars argued.

■ Aside from the fact that appellant made no motion or request for a directed verdict in his favor, see Seaboard Air Line R. Co. v. Horowitz, 5 Cir., 1960, 277 F.2d 738, there was a clear conflict in the evidence between appellant's version and that of an eye witness to the occurrence. Appellant's version was that the express truck causing his injury was permitted by the appellee to be placed by the express company upon a sloping ramp, unattended and without brakes; and that the appellee breached several duties owed to him such as failing to furnish a level ramp, to keep a proper lookout for the appellant, and failing to warn the appellant of the likelihood that the truck would move.

Appellee's evidence, however, disagreed directly with that of appellant. The express company's employee of fifteen years, one Coleman, testified that he had just parked the truck which injured appellant; that he had placed it so that it was headed into a post and could not move unless someone changed its position; that immediately before his injury, the appellant pulled the truck from behind the post and cut the wheels so that gravity would propel it toward the ramp edge; and that, seeing the truck rolling towards the edge of the ramp appellant seized hold of it and was jerked by it over the edge of the ramp. It was undisputed that the ramp had a slope of two or three inches to each side of the center so that water would drain from it and keep it from being slippery and dangerous; and that such a construction was necessary and proper.

The jury was called upon to decide which of the stories it would believe, and there was ample credible evidence to warrant its special finding that neither the express company nor appellee left the truck unbraked and in a position to move by its own weight; and that the appellee was guilty of no negligence which proximately caused appellant's injuries.

■ After giving a charge defining in general terms the duty owed appellant by the appellee, the trial court propounded seven special issues to the jury. This procedure conformed precisely to the provisions of Rule 49, F.R.Civ.P., 28 U.S. C.A., and the questions asked were fairly put and the required answers covered the issues framed by the pleadings. The appellant did not object to the form or contents of the questions constituting the special issues, and did not object to the charge given by the court below or except to its failure to give the one charge requested by appellant, as required by Rules 49-51, F.R.Civ.P. And see generally American Fidelity & Casualty Co. et al. v. Drexler, 5 Cir., 1955, 220 F.2d 930, and Clegg v. Hardware Mutual Casualty Co., 5 Cir., 1959, 264 F.2d 152.

■ The court permitted appellee, upon its recall of the appellant to the witness stand at the conclusion of his evidence, to ask appellant if it was not true that he had received eighty dollars every two weeks as benefits under the Railroad Sickness and Disability Act. The evidence was offered by the appellee only for purposes of impeachment, and the court carefully explained to the jury that it was received solely for consideration by them on the question of whether it tended to impeach the testimony given by appellant as a witness for himself. The court had initially ruled that the question would not be permitted, and changed

its ruling only after appellant had given testimony which the court thought was at variance with that so introduced in rebuttal concerning the payments under the Railroad Sickness and Disability Act. We think that, as handled and limited by the court below, the evidence was not prejudicial and that its admission was within the discretion of the trial court. Reiner v. Northern Pacific Terminal Co. of Oregon, 9 Cir., 1958, 259 F.2d 438. And cf. Dunham v. Pannell, 5 Cir., 1959, 263 F.2d 725, and Schybinger v. Interlake Steamship Co., 7 Cir., 1959, 273 F.2d 307.

It appearing that no reversible error was committed by the court below, the judgment appealed from is affirmed.